UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Rigal J. Baptiste, on behalf of
himself and all others similarly situated

               Plaintiffs,

   v.

Carrington Mortgage Services, LLC

               Defendant.
-------------------------------------------------------X

**<u>CLASS ACTION COMPLAINT</u>**

**NO JURY TRIAL DEMANDED**

Plaintiff, Rigal J. Baptiste, ("Plaintiff") by and through his undersigned counsel, the Law Offices of Gus Michael Farinella, PC, as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## **INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the classes he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Carrington Mortgage Services, LLC ("Carrington" or "Defendant") in connection with their attempts to collect alleged debts from Plaintiff and others.

2. Plaintiff alleges that Carrington's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
   a. The acts giving rise to this lawsuit occurred within this District; and
   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Rigal Baptiste, is an individual natural person who at all relevant times resided in the City of Jamaica, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Carrington, at all times relevant hereto, is and was a Limited Liability Company with offices located at 1600 Douglass Rd #200A Anaheim, CA 92806.

10. Carrington regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Carrington regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default.

12. Carrington is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

2

## FACTS

13. On or about July of 2010, the Plaintiff allegedly incurred a debt to Wilmington Savings Fund Society FSB as trustee for Stanwich Mortgage Loan Trust A (the "Debt" or "Mortgage Loan").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's primary residence.

15. The Mortgage Loan is a "debt" as defined by 15 U.S.C. §1692a(5).

16. The Mortgage Loan went into default on December 2012 by virtue of Plaintiff failing to tender the required monthly payment.

17. Upon information and belief, the last payment on the Mortgage Loan was made in November of 2012.

18. The servicing rights to the Mortgage Loan were transferred from Wells Fargo Home Mortgage to Carrington on August 30, 2016.

19. Carrington formally took over servicing of the Mortgage Loan on August 30, 2016.

20. The Mortgage Loan was in default at the time Carrington formally took over the servicing rights to the Mortgage Loan.

21. At all times relevant to this Complaint, Carrington was a "debt collector" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because Carrington began servicing the Mortgage Loan while the Mortgage Loan was in default.

## Facts Relevant to Subclass A

22. On or about September 12, 2016, Carrington mailed or caused to be mailed a letter to Plaintiff seeking to collect the Mortgage Loan. (Annexed and attached hereto as Exhibit A is a copy of the letter dated September 12, 2016 sent by Carrington to the Plaintiff. However, Plaintiff's Counsel has redacted certain information to protect Plaintiff's privacy)

23. The Plaintiff received and reviewed the letter attached as Exhibit A.

24. Exhibit A seeks to collect the Mortgage Loan.

25. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2). *See* Hart v. FCI Lender Services, Inc. 797 F.3d 219 (2d Cir. 2015).

26. Exhibit A states in relevant part on Page 3 of 10:

**NOTICE**
*Pursuant to the Fair Debt Collection Practices Act*
*15 U.S.C. Section 1692, et seq.*

************

Dear Borrower:

This Notice is to remind you that you owe a debt. As of the date of this Notice, the amount of the debt you owe is $412,078.34.

 (see Exhibit A)

27. Exhibit A represents Carrington's initial collection "communication" with the Plaintiff as "communication" is defined by the FDCPA.

28. Plaintiff did not receive any other document from Carrington purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

4

29. Upon information and belief, based on the content of <u>Exhibit A</u>, that was the only document Carrington sent purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

30. The amount of the Debt disclosed in the letter attached as <u>Exhibit A</u> as being owed by the Plaintiff was $412,078.34.

31. The letter attached as <u>Exhibit A</u> did not disclose that the amount of the Debt may increase due to interest and/or fees.

32. Interest and fees were in fact accruing on the Debt.

33. Carrington tried to collect the interest and fees that were accruing on the Debt from the Plaintiff.

34. The letter attached as <u>Exhibit A</u> did not state that Carrington would accept payment of $412,078.34 in full satisfaction of Plaintiff's alleged Debt if payment of $412,078.34 was made by a specified date.

35. Documents in the form represented by <u>Exhibit A</u> are regularly sent by Carrington to collect delinquent or defaulted mortgage debts.

36. <u>Exhibit A</u> is a standardized form letter.

37. Carrington mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New York consumers from whom Carrington attempted to collect a defaulted mortgage debt.

**Facts Relevant to Subclass B**

38. Sometime in February of 2017, Plaintiff received a collection communication from Carrington in the form of a notice contained in an envelope that was affixed

to the front door of his residence. (Annexed and attached hereto as <u>Exhibit B</u> is a copy of the envelope and notice that were affixed to the Plaintiff's door).

39. The Plaintiff received and reviewed the notice attached as <u>Exhibit B</u>.

40. The notice attached as <u>Exhibit B</u> stated that it was an "URGENT NOTICE" and stated "Please contact your mortgage servicer immediately at: 800-561-4567."

41. The notice did not provide the name of the mortgage servicer, only a handwritten phone number were they could be reached.

42. The notice affixed to Plaintiff's door attached as <u>Exhibit B</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

43. The purpose of the notice attached as <u>Exhibit B</u> was to facilitate Carrington's collection of the Mortgage Loan.

44. The notice attached as <u>Exhibit B</u> failed to disclose that the communication was from a debt collector.

45. Carrington's collection practice is a high-volume practice.

46. Carrington's debt collection practice is largely automated and utilizes standardized form letters.

47. Documents in the form represented by <u>Exhibit B</u> are regularly sent by Carrington to collect delinquent or defaulted mortgage debts.

48. <u>Exhibit B</u> is a standardized form notice.

49. Carrington attached notices in the form of <u>Exhibit B</u> over the course of the past year to the residential properties of hundreds of New York consumers from whom Carrington attempted to collect a defaulted mortgage debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

51. In sending the letter attached as Exhibit A Carrington violated 15 U.S.C. §§1692(e)(2)(A), 1692(e)(10), and 1692e(11).

52. Section 1692e provides:

   **§1692e.        False or Misleading Representations**

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (2) The false representation of --

   (A) the character, amount, or legal status of any debt;

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

53. In considering whether a collection notice violates 15 U.S.C. §1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

54. Plaintiff's has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was mailed and directed to him and related to his Mortgage Loan. Plaintiff's has alleged a particularized injury because the notice attached as <u>Exhibit B</u> was affixed to his property.

55. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to the Plaintiff. *See* <u>Bautz v. ARS National Services Inc.</u>, 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016).

## Violation Related to Subclass A

56. Carrington violated §1692e(2)(A) and §1692e(10) by asserting flatly in <u>Exhibit A</u>, which was the notice required by §1692g, that the amount of the debt owed was a sum certain and failing to inform Plaintiff that the balance of the Debt may increase due to interest and fees. Carrington was hired to collect a balance on behalf Plaintiff's creditor that Carrington knew would increase by the amount of interest and/or fees accrued.

57. The collection letter attached as <u>Exhibit A</u> is misleading within the meaning of 15 U.S.C §1692e because a reasonable consumer could read the letter and be misled into believing that they could pay their debt in full by paying the amount of the debt owed listed on the letter. In fact, however, because interest and fees on the Debt were accruing, a consumer who paid the amount of the Debt owed stated on the letter attached as <u>Exhibit A</u> would not have paid the debt in full. Carrington

could still – and was in fact was – seeking to collect interest and fees that had accumulated on the Debt after the letter.

58. The Second Circuit Court of Appeals has held that a collection letter like the one attached as Exhibit A, violates the FDCPA unless it notifies consumers of their account balance and discloses that the balance may increase due to interest and fees. Avila v Riexinger & Associates, LLC 817 F.3d 72 (2d. Cir. March 22, 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, **we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees**. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.")

59. Carrington is liable to the Plaintiff and the members of Class A for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

### Violation related to Subclass B

60. Carrington violated 15 U.S.C. §1692e(11) because the notice attached as Exhibit B did not state that it was from a debt collector or otherwise provide Plaintiff with the notices required to be disclosed by 15 U.S.C. §1692e(11).

61. Carrington is liable to the Plaintiff and the members of Class B for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## CLASS ALLEGATIONS

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. This cause of action is brought on behalf of Plaintiff and the members of two classes.

65. Class A consists of (a) all individuals (b) with a New York address (c) who were sent a letter from Carrington in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff attached as Exhibit A to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) concerning a mortgage loan that Carrington began servicing while the mortgage loan was in default (g) where the letter in question did not disclose that the balance owed may increase due to interest and fees.

66. Class B consists of (a) all individuals (b) with a New York address (c) who had a notice affixed to their property from Carrington in a form materially identical or substantially similar to the notice attached as Exhibit B to the Complaint (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (e) concerning a mortgage loan that Carrington began servicing while the mortgage loan was in default.

67. The proposed classes specifically exclude the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant.

68. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff classes defined above are so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of each class. The exact number of class members for each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the

       FDCPA, specifically 15 U.S.C. §1692e (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of each class he seeks to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and each proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

      v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

69. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

70. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the classes are likely to be unaware of their rights; and
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the classes and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and

    appointing Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

2. Adjudging that Carrington violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), and 1692e(11).

3. An award of statutory damages for Rigal J. Baptiste and the Plaintiff Classes pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       March 16, 2017

THE PLAINTIFF

    /s/ Ryan Gentile
By:_____
    Ryan Gentile, Esq.
    Law Offices of Gus Michael Farinella PC
    *Attorney for Plaintiff*
    110 Jericho Turnpike – Suite 100
    Floral Park, NY 11001
    Tel: (212) 675-6161
    Fax: (212) 675-4367
    rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

    /s/ Ryan Gentile
By:_____
    Ryan Gentile