```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------  X
                                                                        :
RIGAL J. BAPTISTE, on behalf of himself and all others                  :    17-CV-1494(ARR)(VMS)
similarly situated,                                                     :
                                                                        :
                                                                        :    NOT FOR ELECTRONIC
                                   Plaintiff,                           :    OR PRINT PUBLICATION
                                                                        :
      -against-                                                         :    OPINION & ORDER
                                                                        :
CARRINGTON MORTGAGE SERVICES, LLC,                                      :
                                                                        :
                                   Defendant.                           :
----------------------------------------------------------------------  X
```

ROSS, United States District Judge:

Plaintiff, Rigal Baptiste, brings this putative class action alleging that two collection notices sent by defendant, Carrington Mortgage Services, LLC ("Carrington"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On defendant's motion, I dismissed plaintiff's claims with respect to one of the notices. See Opinion & Order (July 5, 2017) ("July 5 Opinion"), ECF No. 16, at 1. With respect to the other notice, I concluded that plaintiff had stated a plausible cause of action under Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016), which requires debt collectors to disclose that a debt is increasing due to interest and fees. Id. Defendant now moves for certification to appeal this interlocutory order pursuant to 28 U.S.C. § 1292(b). See generally Mot. 28 U.S.C. § 1292(b) Certification Incorporated Mem. Law ("Def.'s Mem."), ECF No. 18-1. Plaintiff opposes this request. See generally Pl.'s Responding Brief Opposing Def.'s Mot. 28 U.S.C. §1292(b) Certification ("Pl.'s Mem."), ECF No. 20. As set forth below, I deny defendant's motion because the statutory requirements of 28 U.S.C. § 1292(b) are not met.

## BACKGROUND

### A. The Letter

Defendants seek leave to appeal those portions of the July 5 Opinion addressing a "Notice of Servicing Transfer" letter sent to plaintiff on September 12, 2016. This letter alerted plaintiff that the mortgage on his home would no longer be serviced by Wells Fargo, but by Carrington. Not. of Servicing Transfer (the "Letter") at 1, Compl. Ex. A, ECF No. 1-1. The Letter provided that, going forward, all mortgage payments should be sent to Carrington, but that "[n]othing else about [the] mortgage loan will change." Id.

Attached to the letter was a document titled, "NOTICE Pursuant to Fair Debt Collection Practices Act 15 U.S.C. Section 1692, et seq." Id. at 3. It stated, "[t]his notice is to remind you that you owe a debt. As of the date of this Notice, the amount of debt you owe is $412,078.34." Id. The attachment also included the debt validity notice required by Section 1692g. Id.; see 15 U.S.C. § 1692g. A second document, purporting to be a notice in compliance with New York law, restates that the "[a]mount of the [d]ebt as of the date of this notice [was] $412,078.34" and advises that "[Carrington] is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose." Letter at 7. Finally, the letter encloses instructions to make a payment by telephone or online. Id. at 9.

At all relevant times, plaintiff's mortgage was in default. Compl. ¶ 16, ECF No. 1. The last monthly payment on the mortgage was made in November 2012. Id. ¶ 17.

### B. The July 5 Opinion

In Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016), the Second Circuit decided that "the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, [could] mislead the least sophisticated

2

consumer into believing that payment of the amount stated will clear her account" and therefore held "that [Section 1692e of] the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. at 76. In my July 5 Opinion, I noted that the complaint alleges that interest was accruing on the mortgage, Compl. ¶ 32, and that this fact was not disclosed on the Letter, id. ¶ 31; Letter.[1] I therefore concluded that plaintiff had adequately plead that the Letter is misleading for the same reasons explained in Avila, despite defendant's myriad arguments that Avila does not apply to the Letter.

In the present motion, defendant argues that two of the grounds it raised on its motion to dismiss present a "controlling question of law" that should be decided on interlocutory appeal. See Def.'s Mem. at 2. First, defendant would ask the Second Circuit to consider whether Avila applies to communications that "do[] not seek payment of the current balance." Id. I previously rejected this argument based on Avila's explanation that "Section 1692e . . . always applies in connection with the collection of any debt by a debt collector," Avila, 817 F.3d at 76, regardless of whether the communication expressly seeks payment of the balance due, and my conclusion that the Letter was sent "in connection with the collection of [a] debt," see July 5 Opinion at 6 (quoting 15 U.S.C. § 1692e).

Second, defendant would ask the Second Circuit to decide that any misstatement was not a material misrepresentation. Def.'s Mem. at 4. I previously rejected this argument because if the notice mislead plaintiff about the imposition of interest or fees, it "could impede [plaintiff's]

---

[1] In fact, defendant's indicated in their papers that interest was in fact accruing on the loan. See Mem. Law Supp. Def. Carrington Mortgage Servs., LLC's Mot. Dismiss, at 2, ECF No. 12-4. This seems to be the only issue of fact relevant to defendant's liability. However, because the motion before me was brought pursuant to Rule 12(b)(6), I assume that defendants agreed to this fact only for the purposes of that motion.

ability to respond to . . . collection." July 5 Opinion at 9 (quoting <u>Gabriele v. Am. Home Mortg. Servicing, Inc.</u>, 503 F. App'x 89, 94 (2d Cir. 2012)).

## DISCUSSION

"As a general matter, denials of a motion to dismiss are not appealable as 'final decisions' of the district courts under 28 U.S.C. § 1291." <u>Balintulo v. Daimler AG</u>, 727 F.3d 174, 186 (2d Cir. 2013). However, "a district court may certify an appeal pursuant to 28 U.S.C. § 1292(b) when it is 'of the opinion that [the relevant] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" <u>Id.</u> (quoting 28 U.S.C. § 1292(b)). "[A]s a general matter, '[i]nterlocutory appeals are strongly disfavored in federal practice.'" <u>Lopez v. Overtime 1st Ave. Corp.</u>, -- F. Supp. 3d. --, No. 15-cv-820 (RJS), 2017 WL 1737657, at *3 (S.D.N.Y. May 2, 2017) (quoting <u>In re Ambac Fin. Grp., Inc. Sec. Litig.</u>, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)); <u>see also</u> <u>Flor v. Bot Fin. Corp. (In re Flor)</u>, 79 F.3d 281, 284 (2d Cir. 1996) (The Second Circuit "ha[s] repeatedly cautioned . . . [that] use of this certification procedure should be strictly limited."). "Section 1292(b) was not intended . . . to be a 'vehicle to provide early review of difficult rulings in hard cases.'" <u>Martens v. Smith Barney, Inc.</u>, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (quotation omitted).

I do not find that the statutory requirements of Section 1292(b) are met. Specifically, defendant has failed to show a "substantial ground for difference of opinion" with respect to the two controlling questions of law it identifies. <u>See</u> 28 U.S.C. § 1292(b). Defendant first argues that <u>Avila</u> applies only to notices seeking to collect the full balance owed and does not apply to attempts to collect monthly payments. Def.'s Mem. at 3-5. In support of this, defendant asserts that "[c]ourts applying <u>Avila</u>'s disclosure requirement have done so only in the context of a

4

communication expressly seeking payment of the balance due." Id. at 3-4.  If this is true, it is not surprising: Because the FDCPA does not apply to entities collecting their own debts or servicing loans not in default, see 15 U.S.C. § 1692a(6)(F), nearly every communication challenged under the FDCPA is an attempt to collect the full amount of the debt.  In Hart v. FCI Lender Servs., Inc., the Second Circuit rejected the argument that the debt collector's intent determines whether or not the FDCPA applies.  Hart, 797 F.3d 219, 226-27 (2d Cir. 2015); see July 5 Opinion at 6-7.  Rather, the dispositive inquiry is whether the communication is, in the words of the statute, sent "in connection with the collection of a[] debt."  See 15 U.S.C. § 1692e.  The Second Circuit did not narrow this standard to exclude communications not expressly seeking payment, as the debt collector in Hart urged.  Hart, 797 F.3d at 223.  There is no reason to suggest that the Second Circuit would now narrow the statutory standard to exclude communications not expressly seeking payment in full, as defendant now urges.  Thus, defendant has failed to show substantial grounds for a difference of opinion on this point.

Second, defendant argues that Section 1692e does not apply to validation notices sent pursuant to FDCPA Section 1692g.[2]  See Def.'s Mem. at 3-5.  In fact, Avila specifically instructs that "compliance with Section 1692g does not guarantee compliance with Section 1692e."  Avila, 817 F.3d at 76.  This instruction makes no sense if Section 1692e does not apply to debt-validation notices sent pursuant to Section 1692g.  Defendant has failed to show substantial grounds for a difference of opinion on this point.

---

[2]   Section 1692g of the FDCPA requires certain information to be included in a debt collector's initial communications with a consumer to enable the consumer to validate the debt.  See 15 U.S.C. § 1692g.

5

## CONCLUSION

For all of these reasons, defendant's motion is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge


Dated:       July 18, 2017
             Brooklyn, New York